Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
PAMELA HANSON,

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PAMELA HANSON<br><br>Plaintiff,<br><br>v.<br><br>DR. IRV'S BODY SHOP LLC d/b/a NATURAL BEAUTY MED SPA.; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 1:25-cv-10200<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, PAMELA HANSON by and through her undersigned counsel, brings this Complaint against Defendant DR. IRV'S BODY SHOP LLC d/b/a NATURAL BEAUTY MED SPA and DOES 1 through 10, inclusive, and alleges as follows:

**NATURE OF THE ACTION**

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff Pamela Hanson ("Hanson") is an individual and professional photographer.

6. Defendant Dr. Irv's Body Shop LLC d/b/a Natural Beauty Med Spa ("Defendant" or "Natural Beauty") is an Illinois limited liability company with a principal place of business in Chicago, Illinois.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and

insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### *Plaintiff Pamela Hanson is a professional photographer*

9. Pamela Hanson is a highly successful freelance celebrity photographer specializing in beauty and fashion photography.

10. Hanson's work has been featured in top publications such as *Vogue, Harper's Bazaar, Elle, InStyle, GQ, Vanity Fair,* and many more. Additionally, her work has been used commercially by brands such as Estee Lauder, Dior, Polo Ralph Lauren, Victoria's Secret, and Gillette.

11. Hanson has shot various celebrities, musicians, and actors like Natalie Portman, Eva Mendez, Janelle Monae, and Kate Moss.

12. Hanson's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Hanson's work deters would-be infringers from copying and profiting from her work without permission.

13. Hanson is the sole creator and exclusive rights holder to a beauty photograph of musician and actress Jennifer Lopez ("Lopez Photograph").

14. Attached hereto as Exhibit A is a true and correct copy of the Lopez Photograph.

15. Hanson registered the Lopez Photograph with the United States Copyright Office under Registration No. VA 2-253-046 with an effective date of registration of May 19, 2021.

16. Attached hereto as Exhibit B is a true and correct copy of Registration VA 2-253-046.

### *Defendant Natural Beauty is a commercial business with online marketing*

17. Upon information and belief, Defendant is and was at all relevant times, the owner and operator of a commercial website

https://www.naturalbeautymedspa.com/ ("Defendant's Website").

18. According to Defendant's Website, Natural Beauty is a beauty and medical spa specializing in services like body contouring; weight loss; and skin rejuvenation. *See generally* https://www.naturalbeautymedspa.com/.

19. Defendant offers services like microneedling, dermaplaining, botox, chemical peels, laser hair removal, EMSculpt and skin tightening. *Id.*

20. Natural Beauty manages, operates, and controls an Instagram page, @naturalbeautymedspa https://www.instagram.com/naturalbeautymedspa/ ("Defendant's Instagram") which promotes Defendant's services and encourages users to make appointments with them to use their services.

21. On information and belief, Defendant's Instagram generate content in order to promote Defendant(s)' services, attract social media followers and user traffic to Defendant's Website, and generate profit and revenue for the company and its owner(s).

22. Specifically, Defendant's Instagram "Biography" section contains an active hyperlink that directs users to Defendant's Website as well as a direct link to make payments for procedures.

23. At all relevant times, Defendant's Instagram was readily accessible to the general public throughout Illinois, the United States, and the world.

24. At all relevant times, Defendant had a direct financial interest in the content and activities of Defendant's Website and Defendant's Instagram (including the activities alleged in this Complaint).

### *Defendant's Infringing Conduct*

25. On or about October 18, 2023, Hanson discovered her Lopez Photograph published to and displayed on Defendant's Instagram in a post captioned "Celebrity Momma's who love Emsculpt #emsculpt #emsculptneo #bodyshaping #bodycountouring #bodycountouringspecialist #kimkardashian #meganfox #drewbarrymore #jenniferlopez #oliviaculpo #stubbornfat #bodygoals (the

"Infringing Post").

26. Defendant placed the quote "I swear by the EMSculpt Butt Lift to lift, firm, strengthen, and tone the muscles. It's equivalent of doing 20,000 squats in one session it can also be used on the ab area" directly next to the Lopez Photograph as integrated into the Infringing Post, seemingly attributing the quote to Lopez herself. Additionally, Defendant incorporated their own watermark on the top right hand corner of the Lopez Photograph.

27. Upon information and belief, the quote included in the Infringing Post was not said by Jennifer Lopez and has been falsely attributed to her by Defendant as part of its marketing efforts.

28. Attached hereto as Exhibit C is a true and correct screenshot of the Lopez Photograph published to and displayed on Defendant's Instagram in the Infringing Post.

29. Shortly after discovering the unauthorized use of the Lopez Photograph, Hanson, through counsel, reached out to Defendant to resolve this matter without Court intervention, but the Parties were unable to come to a resolution.

30. In no event did Hanson consent to, authorize, or provide Defendant with a license to make a copy or publicly display the Lopez Photograph on Defendant's Instagram with the Infringing Post or in any other manner.

31. Hanson is informed and believes Defendant (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Lopez Photograph and caused it to be uploaded to and displayed on Defendant's Instagram in the Infringing Post.

32. Hanson is informed and believes that the purpose of the use of the Lopez Photograph on Defendant's Instagram was to promote and encourage sales of Defendant's products and services by providing a high-quality, professionally-produced celebrity photograph to assist the viewer in visualizing the results that could be achieved by using Defendant's products and services and to imply to the

user that the subject of the Lopez Photograph approved of their services.

33. Specifically, in the Infringing Post, Defendant used the Lopez Photograph to promote its EMSculpt services and falsely attributed a quote to Jennifer Lopez in order to market and promote its EMSculpt services.

34. Hanson is informed and believes Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, posted, and otherwise held out to the public Hanson's original and unique Photograph in order to acquire a direct financial benefit, through revenue from the sales of Defendant's products and services, from the use of the Lopez Photograph.

35. On information and belief, Defendant's use of the Lopez Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Lopez Photograph.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Lopez Photograph.

37. Hanson owns a valid copyright in the Lopez Photograph.

38. Hanson registered the Lopez Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

39. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's rights in the copyrighted Lopez Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Lopez Photograph of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and

market benefit as a result.

40. Specifically, Defendant made an unauthorized copy and then publically displayed the Lopez Photograph with the Infringing Post on Defendant's Instagram.

41. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

42. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

43. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

44. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendants infringed Hanson's copyright interest in the Lopez Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;
- For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: August 26, 2025

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Pamela Hanson hereby demands a trial by jury in the above matter.

Dated: August 26, 2025

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*